**IN THE SUPERIOR COURT
OF GUAM**

FILED
SUPERIOR COURT

2012 OCT -5 PM 3: 37

CLERK OF COURT
BY

BETTY RENGIIL,

                Plaintiff,

      vs.

JOE JUNG CHO, CHO INTERNATIONAL
GUAM, INC., MOBIL OIL GUAM, INC.
AND DONGBU INSURANCE COMPANY
LTD.,

                Defendants.

CIVIL CASE NO. CV1863-10

**FINDINGS OF FACT and
CONCLUSIONS OF LAW**

This matter came before the Honorable Judge Michael J. Bordallo for a two-day bench trial on February 20 & 21, 2012. The Plaintiff was represented by Attorney Robert L. Keogh. Defendants were represented by Attorneys Jehan'Ad G. Martinez and Martin Deinhart. After the trial, both parties submitted proposed Finding of Facts and Conclusions of Law on March 23, 2012. The Court thereafter, took the matter under advisement. Having considered and reviewed the witnesses' testimony presented and the exhibits entered into evidence by the parties, the Court hereby makes the following findings of fact and conclusions of law.[1]

**FINDINGS OF FACT**

1.     Prior to trial, Plaintiff Betty Rengiil ("Ms. Rengiil") stipulated to dismissing its claim against Defendant Joe Jung Cho in his personal capacity. The parties also agreed to bifurcate the liability and damages issues in this case. Thus, the trial dealt with only the liability issue of Ms. Rengiil's claim.

2.     At all relevant times, the building/premises where the Mobil Mini Mart and McDonald's restaurant are located in Maite, Guam is leased by and was constructed by or on

---

[1] To the extent that a finding of fact should be deemed a conclusion of law, or a conclusion of law deemed a finding of fact, it shall so be considered.

Page 1 of 8

behalf of Mobil Oil Guam Inc. ("Mobil").

3.    The tiles on the floor in the Mobil Mini Mart in Maite, Guam ("Maite Mobil") where Ms. Rengiil fell were installed by or on behalf of Mobil.

4.    On September 15, 2010, the Maite Mobile was operated by Cho International Guam, Inc. pursuant to a Retail Sales Facility Operating Contract ("Contract") with Mobil.

5.    The Contract between Cho International and Mobil in effect on September 15, 2010 contained a "hold harmless" provision whereby Cho International is to hold Mobil harmless from liability for bodily injuries occurring on the premises and obligated Cho International to have a liability insurance policy in effect.

6.    On September 15, 2010, Cho International Guam, Inc. and Mobil were named insurers under a liability insurance policy issued by Dongbu Insurance Company, Ltd. with a combined single limit of One Million and 00/100 U.S. Dollars ($1,000,000.00). A copy of the Declaration page of said policy is marked as Plaintiff's Exhibit 2.

7.    On September 15, 2010 Ms. Rengiil entered the Maite Mobil through the front door to the McDonald's restaurant.

8.    At the time Ms. Rengiil entered the Maite Mobil there were two caution signs in the front of the store that were visible to all patrons walking in the Maite Mobil. The Court notes that these signs are always on display outside the Maite Mobil.

9.    At the time of the incident, there was a caution sign inside the Maite Mobil that was visible to patrons that were entering the premises through the front door. The caution sign was not facing nor immediately visible to patrons as they were walking towards the front door from the McDonalds restaurant inside the Maite Mobil.

10.    While exiting the Maite Mobil, Ms. Rengiil followed the same path as her entrance. As

Ms. Rengiil approached the front door she slipped and fell, which caused her to break her arm.

11. Prior to Ms. Rengiil's accident, Efren Palisoc, a service attendant and employee of Cho International Guam, Inc, mopped the area of the floor where Ms. Rengiil slipped and fell and other areas of the floor. The area was being mopped because there was a brownish substance on the floor. Mr. Palisoc was also responsible for displaying the caution sign mentioned in ¶ 9.

12. Prior to Ms. Rengiil's accident, approximately five people walked through the freshly mopped areas in the store without slipping or any difficulty whatsoever.

13. In June of 2011, Dr. Frank Perez ("Dr. Perez"), an expert in Human Factors, Safety and Risk Management and Accident Reconstruction, performed a slip resistant test on the floor at the Maite Mobil. He used the English XL tribometer to measure the coefficient of friction which gave rise to the following results: a dry slip resistance of the floor to be .069 and a wet resistance to be 0.42.

14. On September 21, 2011, Dr. Perez revisited the Maite Mobil and tested the floor again with a Mark 3 Brungraber Slip-Tester. Measurements for this test included an average of 0.61 dry and 0.58 wet.

15. Based on the above two tests, Dr. Perez testified that the incident area where Ms. Rengiil fell is not slippery under wet conditions and is safe for walking.

16. Dr. Richard Gill ("Dr. Gill"), an expert in Human Factors, Safety and Risk Management and Accident Reconstruction, testified that the ceramic tile floor of the Maite Mobil failed to conform to the minimum safety standard.

17. Dr. Gill testified that a coefficient of friction of 0.5 is accepted in the scientific and technical community as the minimum value for safe walking on a perfectly horizontal surface and is the standard adhered to by the American Society for Testing and Materials.

18.     Dr. Gill testified that based on Dr. Perez's initial test, where he used the English XL tribometer that yielded a wet resistance to be 0.42, the Maite Mobil floor failed to conform to the minimum safety standards for walking surfaces.

19.     Dr. Gill also testified that the fact that no barricading was done to separate the patrons from mopped areas is a violation of the Fundamental Principle of Safety.

20.     Dr. Gill lastly testified that the Defendants failed to properly post warning signs and was not immediately visible to Ms. Rengiil. He also opined that the constant display of the caution signs on the premises of the Maite Mobil reduced their effectiveness, regardless if there was a hazard present or not.

21.     Patrick Bulalon, Mobil's Commercial and Retail Sales Area Manager, testified that since 2005 only one person has fallen inside the Maite Mobil, Ms. Rengiil. He also testified that in 2007, Mobil determined that an average of 6,260 transactions were performed at the Maite Mobil each week. This figure did not include foot traffic in the Maite Mobil solely to purchase food and/or beverage at the McDonald's, which is located inside the Maite Mobil.

22.     Maritess Carlos, Cho International's station manager, testified that current transaction activity at the Maite Mobil ranges from 1,500 to 2,600 per day. This figure did not include foot traffic in the Maite Mobil solely to purchase food and/or beverage at the McDonald's, which is located inside the Maite Mobil.

## CONCLUSIONS OF LAW

In a case for negligence, the establishment of tort liability requires the existence of a duty, the breach of such duty, causation and damages. *Leon Guerrero v. DLB Constr. Co.*, 1999 Guam 9 ¶ 14 (citing Restatement (Second) Torts §§ 281, 282 (1988)). To succeed on a claim for negligence, Ms. Rengiil must prove (1) a duty, or obligation, recognized by law, requiring the Defendants to conform to a certain standard of conduct, for the protection of others against

Page 4 of 8

unreasonable risks of harm; (2) a breach of that duty by the Defendants, or failure to conform to the required standard; (3) proximate cause (a close and causal connection, also known as "legal cause"); and (4) actual loss or damage resulting to the interests of another. *Merchant v. Nanyo Realty, Inc.*, 1998 Guam 26 ¶14.

Based on the evidence and relevant case law, the Defendants owed a duty to Ms. Rengiil. The Court finds, however, that the Defendants never breached that duty. As such, the Defendants are not liable for the injuries suffered by Ms. Rengiil.

**Duty**

A property owner's duty is found under Guam law, which provides: "Everyone is responsible, not only for the result of his willful acts, but also for an injury occasioned to another by his want of ordinary care or skill in the management of his property or person, except so far as the latter has willfully brought the injury upon himself." 18 GCA § 90107. Further, "every landowner owes a duty to exercise reasonable care in the management of his property." *Nissan Motor Corp. v. Sea Star Group Inc.*, 2002 Guam 5 ¶11. This standard of care, which was initially enunciated in *Nissan*, was extended to slip and fall cases on Guam in *Guerrero v. McDonald's Int'l Prop. Co.*, 2006 Guam 2 ¶10.

The duty owed – or standard of care which must be provided by a premises owner – is the "reasonable person" standard. *Id.* ¶12. That is, "[t]he proper test to be applied to the liability of the possessor of land is whether in the management of his property he has acted as a reasonable man in view of the ***probability of injury*** to others . . ." *Carlson v. Ross*, 76 Cal. Rptr. 209, 211 (Ct. App. 1969) (quoting *Rowland v. Christian*, 443 P.2d 561, 568 (Cal. 1968)); *see also Hatfield v. Levy Bros.*, 117 P.2d 841, 845 (Cal. 1941) ("[N]egligence in such cases is founded upon [the store owner's] failure to exercise ordinary care in remedying the defect after he has discovered it or as a man of ordinary prudence should have discovered it.") (emphasis

added).

In the instant case, there is no dispute that the Defendants were the occupiers of the Maite Mobil on September 15, 2010, the date of Ms. Rengiil's accident. As the possessor of such land, the Defendants owed a duty to exercise reasonable care in keeping the premises reasonably safe for all invitees, including Ms. Rengiil.

**Breach of Duty**

To succeed on a claim for negligence, Ms. Rengiil must also prove that Defendants breached their above stated duty or failed to conform to the required standard. *see Merchant v. Nanyo Realty, Inc.*, 1998 Guam 26 ¶14. No inference of negligence arises based simply upon proof of a fall upon the owner's floor. *Guerrero*, 2006 Guam 2 ¶ 14. The question thus posed by the facts in this case, is whether the Defendants exercised reasonable care in keeping the Maite Mobil reasonably safe, or whether Ms. Rengiil's fall was due to an unreasonably unsafe condition.

Based on the evidence presented at trial, Ms. Rengiil asserts that the Defendants breached their duty to exercise reasonable care for the following reasons: (1) they failed to design and construct the Maite Mobil in a safe and prudent manner by not using and installing slip resistant flooring material which meets the minimum safety standard; (2) they failed to keep the floor clean and dry while patrons were expected to walk on it; and (3) they failed to adequately warn patrons of a wet floor.

With regards to the flooring material used by the Defendants in the Maite Mobil, the Court finds that the Defendants did not breach their duty to exercise reasonable care in designing and constructing the Maite Mobil. Ms. Rengiil failed to meet her obligation of providing sufficient evidence indicating that the flooring used in the Maite Mobil deviated from reasonable standards. The evidence presented at trial suggests that the flooring in the Maite

Mobil meets the minimum safety standards. Although there is some evidence in dispute, the Court finds that the evidence established the floor exceeded the .50 coefficient of friction deemed to establish that the surface is safe. Additionally, the overwhelming number of transactions conducted on the premises and the evidence of the lack of accidents supports the conclusion that the floor, as designed and installed, is safe.

With regards to Ms. Rengiil's second assertion, that the Defendants failed to keep the floor clean and dry while patrons were expected to walk on it, the Court finds that the mere presence of water on a floor where Ms. Rengiil slipped is not enough to prove negligence on the part of the Defendants. To prove negligence, Ms. Rengiil must prove that water makes the floor dangerously slippery and that the Defendants knew or should have known both that water would make the floor slippery and that there was water on the floor at the time when the Defendant slipped. The evidence presented at trial suggests that the flooring in the Maite Mobil was kept in a safe condition. For instance, five people walked through the freshly mopped areas in the store without slipping or any difficulty whatsoever. Additionally, there has been only one reported accident at the Maite Mobil since 2005. The amount of transactions that have occurred at the Maite Mobil since such time coupled with only one reported accident leads the Court to the conclusion that the flooring is reasonably safe. Thus, the Court cannot find that the mere presence of water makes the floor at the Maite Mobil dangerously slippery.

Lastly, Ms. Rengiil argues that the Defendants failed to adequately warn patrons of a wet floor. The Court finds, however, that Ms. Rengiil failed to provide sufficient evidence of such inadequacy. The evidence shows that a sign with the word caution written on it was present near the area where Ms. Rengiil fell. Furthermore, the Court recognizes that the Defendants should not be held liable for a condition that can be readily observed by those employing the reasonable use of their senses. In this case, a person who was reasonably using

their senses would have recognized Mr. Palisoc mopping the floor and the caution sign as they entered the Maite Mobil. Upon such recognition, that same individual would be on notice of the wet the floor. Based on the presence of a warning sign near the area that was freshly mopped and the fact that a reasonable person using their senses would be aware of the wet floor, it is the opinion of this Court that the Defendants properly warned their patrons of the wet floor.

Since it is the opinion of this Court that Defendants constructed the Maite Mobil in a safe and prudent manner, that they properly warned of the wet floor, and Ms. Rengiil failed to prove that Defendants did not exercise reasonable care in keeping the Maite Mobil reasonably safe, or that Ms. Rengiil's fall was due to an unreasonably unsafe condition, the Court finds that Ms. Rengiil has failed to prove that Defendants breached their duty of reasonable care in maintaining it premises. Therefore, Defendants are not liable for the injuries suffered by Ms. Rengiil. Judgment shall be so entered.

SO ORDERED, this ___ day of _____ 2012.

Original Signed By
HON. MICHAEL J. BORDALLO

HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam